NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS BAROJAS-GONZALEZ, | No. 14-72544 |
| Petitioner, | Agency No. A089-853-384 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Jose Luis Barojas-Gonzalez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Barojas-Gonzalez established extraordinary or changed circumstances to excuse his untimely asylum application.  *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010).  Thus, Barojas-Gonzalez's asylum claim fails.

We lack jurisdiction to review Barojas-Gonzalez's contention regarding past persecution because it was not raised to the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (exhaustion is mandatory and jurisdictional).

The agency did not err in finding that Barojas-Gonzalez failed to establish membership in a cognizable social group.  *See Ramirez-Munoz v. Holder*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) (concluding "imputed wealthy Americans" returning to Mexico did not constitute a particular social group); *Delgado-Ortiz v. Holder*,

14-72544

600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group). Substantial evidence supports the agency's finding that Barojas-Gonzalez otherwise failed to establish that any harm he fears in Mexico will be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Barojas-Gonzalez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Barojas-Gonzalez failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Mexico. *See Ramirez-Munoz*, 816 F.3d at 1230.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**